# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **LAYNE RICE**, | : | Case No. 1:19-cv-00209 |
| | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | Magistrate Judge |
| vs. | : | |
| | : | **COMPLAINT FOR** |
| | : | **DAMAGES** |
| **CITY OF CINCINNATI** | : | |
| | : | **DEMAND FOR** |
| | : | **JURY TRIAL** |
| Defendant. | : | |
| | : | |
| | : | |

## I. PRELIMINARY STATEMENT

1. Plaintiff, Layne Rice (hereinafter, "Mr. Rice") brings this lawsuit seeking damages following his unlawful exclusion from the 116th and 117th firefighter classes. Defendant' discriminatory policies, practices, and decisions regarding felony and drug-related criminal records had a disparate impact upon Mr. Rice, who is African-American, on the basis of his race. Mr. Rice suffered further harm when Defendant retaliated against him after he filed a claim of discrimination and accepted at least 23 applicants into the fire recruit class under Mr. Rice on the fire recruit eligibility list.

## II. PARTIES

2. Mr. Rice is a citizen of Ohio and a resident of Hamilton County. Mr. Rice is an applicant under Title VII and an aggrieved person within the meaning of O.R.C. § 4112.01(A)(23).

3. Defendant City of Cincinnati is a municipal corporation (hereinafter, "Defendant") and a public employer within the meaning of Title VII and O.R.C. § 4112.01(A) (2).

### III. JURISDICTION

4. This action arises under the provisions of the Title VII of the Civil Rights Act of 1964, (hereinafter, "Title VII"), as amended, 42 U.S.C. §§ 2000e, et seq. and the Civil Rights Act of 1866, § 1981. The subject matter jurisdiction of this Court is properly invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. § 1367(a) because the claims form part of the same case or controversy under Article III of the United States Constitution. Mr. Rice's state law claim shares all common operative facts with the federal law claim, and the parties are identical. Resolving the federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

### IV. VENUE

6. Venue in this district is proper under 28 U.S.C. §1391(b) because Defendant conducts its business, including whom to hire as firefighters, in the Southern District of Ohio. Therefore, a substantial part of the events giving rise to the claims alleged herein have occurred, in this district.

7. Pursuant to S.D. Ohio L.R. 82.1(d), this action should be assigned to the Western Division of the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred in Hamilton County and therefore within the Western Division of the Southern District.

### V. ADMINISTRATIVE PROCEDURE

8. Mr. Layne Rice timely filed two charges with the Equal Employment Opportunity Commission (hereinafter, "EEOC") alleging race discrimination and retaliation.

9. EEOC issued a Notice of Right to Sue on December 04, 2018. Plaintiff's counsel received the Notice on December 17, 2018. A copy is attached as Exhibit A to the Complaint. Mr. Rice did not receive a copy of the Notice.

## VI. FACTUAL ALLEGATIONS

10. Mr. Rice lives and works in Cincinnati, a city that is 49.3% white and 44.8% African-American. He works at People Working Cooperatively, a non-profit that weatherizes homes and provides other repairs so that low-income homeowners can remain in their homes.

11. Mr. Rice grew up dreaming of becoming a firefighter. As a middle child with six siblings, he was raised by a committed, yet overstretched single-parent. Unfortunately, he emulated some of the behavior of negative role models, leading to his felony record.

12. In 2004 Mr. Rice pled guilty to Aggravated Trafficking in Drugs. A violation of Ohio Revised Code 2925.03. The court sentenced him to serve eighteen months in prison. Mr. Rice was released in March 2007.

13. The Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. cites the following data:

> Nationally, African Americans are arrested in numbers disproportionate to their representation in the general population. In 2010, 28% of all arrests were of African Americans, even though African Americans only comprised approximately 14% of the general population. African Americans are more likely than Whites to be arrested, convicted, or sentenced for drug offenses even though their rate of drug use is similar to the rate of drug use for Whites. African Americans also are incarcerated at rates disproportionate to their numbers in the general population. Based on national incarceration data, the U.S. Department of Justice estimated in 2001 that 1 out of every 17 White men (5.9% of the White men in the U.S.) is expected to go to prison at some point during his lifetime, assuming that current

3

incarceration rates remain unchanged. This rate climbs to 1 in 3 (or 32.2%) for African-American men. African-Americans were incarcerated at a rate 5.6 times higher than Whites, and 7 states had a Black-to-White ratio of incarceration that was 10 to1.

14. Between 1980 and 2010, the number of African-Americans with felony convictions increased more than fivefold. Legislatures elevated nonviolent drug crimes to felony status and police concentrated drug enforcement in "high-crime" neighborhoods; often predominantly African-American. As a result, felony convictions rose much faster among African-Americans than among whites. In 2010, Black men had an imprisonment rate that was nearly 7 times higher than White men and 33% of African-American men in the United States have felony convictions, compared to 13% for all adult men. In 2011, African-Americans accounted for almost half of all prisoners incarcerated with a sentence of more than one year for a drug-related offense.

15. The eighteen month sentence of incarceration changed Mr. Rice's trajectory. He was punished, paid his debts to society and knew, that upon release, he would move his life in a positive direction. Mr. Rice did just that.

16. Mr. Rice spent the last fifteen years demonstrating himself to be a paragon of rehabilitation. In addition to maintaining gainful employment, Mr. Rice spends countless hours volunteering with Habitat for Humanity and the American Red Cross Disaster Action Team ("DAT"). Mr. Rice has built from the ground up or rehabbed twelve homes, all for deserving families in our community. Through DAT, Mr. Rice provides shelter, food and clothing to those affected by disasters.

17. After his release, Mr. Rice returned to school. He enrolled in the Fire Service Technology program at Cincinnati State Technical and Community College. While enrolled, Mr. Rice trained as a firefighter.

18. In 2012, Mr. Rice received his Associate's Degree in Fire Service Technology. He also received his Emergency Medical Technician - Basic training, where he was #1 in his class.

19. Since Mr. Rice's felony conviction, he has had no contact with criminal justice system; not so much as a speeding ticket.

20. In 2012, Mr. Rice read a City of Cincinnati Human Resources publication, entitled: "City of Cincinnati Fire Recruit Process. Disqualification Criteria." A copy is attached as Exhibit B to the Complaint.

21. According to the publication, [a]ny person who has been convicted in a court of competent jurisdiction of a felony regardless of degree, will be disqualified." Additionally, the document makes no mention of any process for the applicant to demonstrate rehabilitation.

22. But the Ohio Revised Code requires that city fire departments set rehabilitation standards for those disqualified due to a felony conviction. Specifically, R.C. § 737.081(E), a copy of which is attached as Exhibit C to the Complaint, mandates that the appointing authority adopt rules in accordance with Chapter 119 of the Revised Code, which "shall include rehabilitation standards a person who has been convicted of or pleaded guilty to an offense listed in division (C)(1) of this section [felony conviction disqualification] must meet for the appointing authority to appoint or employ the person as a permanent, full-time paid firefighter or a volunteer firefighter." A felony conviction did not serve as an absolute disqualification.

23. The Ohio legislature chose not to employ absolute bans on either drug-related offenses or felony convictions. Instead, it created a process that allows applicants to demonstrate rehabilitation and thus fitness for employment as a fire fighter, while mitigating the undesirable racial effect of absolute bans.

5

24. On May 16, 2015, Mr. Rice then took the Cincinnati Fire Department written examination.

25. Mr. Rice's score qualified him to progress to the Physical Agility test and Oral Interview. Mr. Rice completed both tests by November 2015.

26. On August 4, 2017, Mr. Rice received an email terminating his eligibility for the position of fire recruit. The email stated, "[Y]ou have been removed from the Fire Recruit process for violating the following criteria:

A. Felonies (X) Felony conviction 18 months incarceration ...

D. Marijuana (X) sold 28 grams of marijuana 12/14.

PLEASE SEE THE ATTACHED CINCINNATI FIRE RECRUIT DISQUALIFYING CRITERIA FOR ADDITIONAL INFORMATION."

27. The document attached to the City of Cincinnati Human Resources Department email again stated that a felony was an automatic disqualification. Rehabilitation standards were neither referenced, nor addressed in any way.

28. Mr. Rice appealed his disqualification to the Civil Service Commission.

29. On October 5, 2017, the Civil Service Commission ("CSC") heard testimony from the City of Cincinnati Fire Department and the City of Cincinnati Human Resources Department. Both stated that a felony conviction was a complete disqualification and that no rehabilitation standards existed.

30. Mr. Rice and counsel testified that a felony was not an absolute bar and that Mr. Rice would satisfy any rehabilitation standards, if articulated.

31. The CSC reversed the City's disqualification of Mr. Rice.

32. After filing an appeal with the CSC and a charge of discrimination with the EEOC Defendant retaliated against Mr. Rice by denying him the opportunity to rehabilitate his felony conviction and denying his admission to the fire recruit class. In fact, at least 23 individuals who scored lower on the written examination have been selected into subsequent fire recruit classes.

33. Defendant's policy and practice to disqualify firefighter applications with felony convictions and deny applicants the opportunity to satisfy rehabilitation standards, adversely and disparately impacted African-American men like, Mr. Rice.

34. Defendant's policy and practice of disqualify all persons with non-marijuana-related drug convictions adversely and disparately impacted African-American men like, Mr. Rice.

35. Defendant' policies and practices were neither manifestly job-related nor consistent with business necessity. If there were a business necessity, less discriminatory alternatives existed to achieve any business purposes.

36. The last two firefighter classes, selected on March 12, 2018 and on December 14, 2018, excluded Mr. Rice by not promulgating rehabilitation standard rules and not providing an opportunity to demonstrate satisfaction of rehabilitation standards.

37. On February 27, 2019, Mr. Rice received an email stating he would soon be disqualified due to age.

### VII. FIRST CAUSE OF ACTION – TITLE VII –RETALIATION AND DISCRIMINATION

38. Mr. Rice incorporates by reference each of the allegations contained in paragraphs 1 through 21 inclusive, of this complaint as if fully rewritten herein.

39. Defendant' sweeping, absolute disqualification of applicants with felony convictions and non-marijuana drug-related offenses and its refusal to adopt and apply rehabilitation standards resulted in an adverse and disparate impact on Mr. Rice, an African-

7

American man, in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) et. seq.

40. Defendant retaliated against Mr. Rice based on his opposition to race discrimination and filing of EEO complaint in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) et. seq. After filing each EEOC charge of discrimination Defendant retaliated against Mr. Rice by denying him the opportunity to rehabilitate his felony conviction and denying his admission to the fire recruit class.

41. As a result of Defendant' discrimination and retaliation, Mr. Rice suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

### VIII. SECOND CAUSE OF ACTION- § 4112.99- RACE DISCRIMINATION AND RETALIATION

42. Defendant' sweeping, absolute disqualification of applicants with felony convictions and non-marijuana drug-related offenses and its refusal to adopt and apply rehabilitation standards resulted in an adverse and disparate impact on Mr. Rice, an African-American man, in violation of Ohio Revised Code § 4112.01 et seq, Ohio Revised Code §§ 4112.02(A) and (I).

### IX. RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq., 42 U.S.C. §1981A, U.S.C. §1981 and O.R.C. § 4112.02, against Defendant as follows:

  a) That Defendant be required to compensate Mr. Rice for the full value of wages and benefits Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest thereon until the date Plaintiff is offered

employment into a position substantially equivalent to the one from which Defendant failed to hire Mr. Rice;

b) That Defendant place Mr. Rice in the next firefighter class.

c) That Plaintiff be awarded compensatory and punitive damages in an amount to be determined at trial;

d) That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including reasonable attorney's fees; and

e) That Plaintiff be awarded such further relief as this Court deems to be just and proper.

## X.    JURY DEMAND

Mr. Rice demands a jury trial for the cause of action in this complaint to the extent provided by law.

Respectfully Submitted,

/s/ Dorianne Mason
Dorianne Mason (#0093176)
Attorney for Plaintiff
Ohio Justice & Policy Center
215 East Ninth Street, Suite 601
Cincinnati, Ohio 45202
(513) 421-1108 ext. 19
dmason@ohiojpc.org

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, a true and accurate copy of the Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing though the Court's CM/ECF system.

    /s/ Dorianne Mason
    Dorianne Mason (OH: 0093176)